By: /s/Wayne D. Lonstein
Wayne D. Lonstein, ESQ. (WL0807)
LONSTEIN LAW OFFICE, P.C.
190 S Main Street
P.O. Box 351
Ellenville, New York 12428
Telephone:  845-647-8500
Facsimile:   845-647-6277
Email: Legal@signallaw.com

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
NEWARK DIVISION

---

**ZUFFA, LLC d/b/a Ultimate Fighting Championship,**

                      Plaintiff,

-against-

GLADYS SIGUENCIA, Individually, and as officer, director, shareholder, principal, manager and/or member of NUESTRA CASA LLC,

and

NUESTRA CASA LLC,

                      Defendants.

---

**COMPLAINT**

Civil Action No.

Plaintiff, ZUFFA, LLC d/b/a Ultimate Fighting Championship (hereinafter "Plaintiff"), by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of the Defendants herein respectfully sets forth and alleges, as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, inter alia, a substantial part of the events or omissions giving rise to the claim occurred within Essex County, which is within the District of New Jersey, Newark Division (28 U.S.C. § 1391(b) and 28 U.S.C. §110)).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or had independently transacted business in the State of New Jersey and certain activities of Defendants giving rise to this action took place in the State of New Jersey; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the encrypted satellite, radio, wired or internet streamed (IPTV) broadcast within the State of New Jersey. Moreover, upon information and belief, Defendants have their principal place of business within the State of New Jersey; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5. The Plaintiff is a Nevada Limited Liability Company with its principal place of business located at 6650 S. Torrey Pines Drive, Las Vegas, Nevada 89118 and duly registered to do business in the State of New Jersey.

6. Plaintiff is the owner of the UFC 270 - Ngannou vs Gane PPV Broadcast which occurred on January 22, 2022, including all undercard matches and the entire television Broadcast, via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology (hereinafter referred to as the "Broadcast").

7. Upon information and belief, the Defendant, GLADYS SIGUENCIA, resides at 34 S Midland Ave, Kearny, NJ 07032.

8. Upon information and belief, the Defendant, GLADYS SIGUENCIA, was the officer, director, shareholder, and/or principal of NUESTRA CASA LLC located at 195 Ferry St, Newark, NJ 07105. The New Jersey Secretary of State records reflect that GLADYS SIGUENCIA is the Registered Agent and Managing Member of NUESTRA CASA LLC Please see Exhibit "A" attached hereto.

9. Upon information and belief, the Defendant, GLADYS SIGUENCIA, was the individual with supervisory capacity and control over the activities occurring within the establishment known as NUESTRA CASA LLC, located at 195 Ferry St, Newark, NJ 07105.

10. Upon information and belief, the Defendant, GLADYS SIGUENCIA, received a financial benefit from the operations of NUESTRA CASA LLC, on January 22, 2022.

11. Upon information and belief, Defendant, GLADYS SIGUENCIA, was the individual with close control over the internal operating procedures and employment practices of NUESTRA CASA LLC, on January 22, 2022.

12. Upon information and belief, the Defendant, NUESTRA CASA LLC, is a limited liability company licensed to do business in the State of New Jersey and as was doing business as under the trade or fictitious name NUESTRA CASA BAR RESTAURANT.

13. Upon information and belief, the Defendant, NUESTRA CASA LLC, is located at 195 Ferry St, Newark, NJ 07105, and had a lawful occupancy capacity of approximately 50-100 people on January 22, 2022.

14. Upon information and belief, Defendants, *jointly and severally*, received a commercial benefit by commercially promoting a fight night party without having commercial exhibition rights and without paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative, illegal and illicit means and exhibiting within NUESTRA CASA BAR RESTAURANT located at 195 Ferry St, Newark, NJ 07105 on January 22, 2022.

## **COUNT I**

15.  Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "14," inclusive, as though set forth herein at length.

16. Plaintiff's Broadcast originated via encrypted closed circuit television, encrypted satellite, radio signals and/or digital streaming technology over the internet (IPTV) and was subsequently re-transmitted via Cable and/or satellite television or internet protocol streaming technology ("IPTV") over Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

17.  Plaintiff, , entered into licensing agreements with numerous businesses in the State of New Jersey, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorized and enabled subscribers to access and display a decrypted signal of the Broadcast.

18.  The Broadcast was also available for non-commercial, private viewing for Pay-Per-View purchase and consumption via the internet. Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming through streaming apps or websites, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

19. In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non-commercial, personal use only.**

20. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's encrypted signal and did exhibit the Broadcast at NUESTRA CASA LLC located at 195 Ferry St, Newark, NJ 07105 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

21. Upon information and belief, Plaintiff alleges that Defendants engaged in the illegal interception and receipt of Plaintiff's Broadcast by ordering programming intended for private, non-commercial use, paying a private use license fee and subsequently displayed it in the commercial establishment known as NUESTRA CASA LLC located at 195 Ferry St, Newark, NJ 07105 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain and without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

22. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept

Plaintiff's Broadcast, which originated via encrypted satellite, cable or wired or wireless streaming radio signal technology, and then re-transmitted via Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

23. There are multiple illegal and unauthorized methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment, decrypting unscrambling and receiving the closed circuit, "IPTV", cable or satellite Broadcast; (2) commercially misusing the residential cable, satellite or IPTV internet radio signals by registering as a residence when it is, in fact, a business; or (3) taking a lawfully obtained cable, IPTV or other streaming or satellite reception and decryption device or acquiring international Free-To-Air (FTA) broadcast signals emanating from outside the United States, into a business. (4) misusing a residential digital stream acquired or intercepted from an over-the-top "OTT" technologies, used for the delivery of film and TV content via the internet, (5) Live or near-live Social Media Streaming or (6) Live Streaming Apps. The misuse of OTT technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.

24. Each of the above-described methods would allow Defendants to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the way Defendants obtained the Broadcast. However, it is logical to conclude that Defendants utilized one or more of the above-described

methods intercept and exhibit the encrypted Broadcast within NUESTRA CASA BAR RESTAURANT located at 195 Ferry St, Newark, NJ 07105 without a license and without paying a license fee.

25. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of radio communications such as the Broadcast transmission at issue in this litigation.

26. By reason of the conduct, the aforementioned Defendants willfully violated 47 U.S.C. §605 (a).

27. By reason of the Defendants violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

28. As a result of the Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendants.

29. Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## **COUNT II**

30. Plaintiff hereby incorporates paragraphs "1" through "29" as though fully set forth herein.

31. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or his agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned

address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

32. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

33. A significant amount of internet service in the United States is provided by Internet Service Providers ("ISP'S") who deliver and receive internet data transmissions via a combination of satellite and radio signals which are delivered to end-users via coaxial cable, fiber optic cable and telephone lines.

34. Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

35. By reason of the conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

36. As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, under §553(c)(3)(A)(ii), enhanced damages under 553(c)(3)(B) and the recovery of reasonable attorney's fees and costs under §553(c)(2)(C).

## COUNT III

37. Plaintiff hereby incorporates paragraphs "1" through "36" as though fully set forth herein.

38. Plaintiff, is the copyright owner of the broadcast, including all undercard matches and the entire television Broadcast of UFC 270 - Ngannou vs Gane PPV on January 22, 2022. The Certificate of Registration was filed with the U.S. Copyright Office on February 16, 2022 with Registration **# PA 2-336-576.**

39. Defendants never obtained the proper authority or license from Plaintiff, or its exclusive commercial distributor, Joe Hand Promotions, Inc., to publicly exhibit the UFC 270 - Ngannou vs Gane PPV Broadcast.

40. Upon information and belief, the Defendants and/or their agents, servants, workers and employees unlawfully obtained the program through fraud and/or intercepted the Broadcast, thereby enabling Defendants to publicly exhibit the Broadcast without obtaining a license for public performance or paying the appropriate licensing fee.

41. By reason of the aforementioned conduct, the Defendants willfully violated 17 U.S.C. §501(a).

42. By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

43. As a result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this

Court, under 17 U.S.C. §504(c)(1) and 504(c)(2), of up to the maximum amount of $150,000.00.

44. Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against the Defendant, *jointly and severally,* granting to Plaintiff the following:

(a) Declare that Defendant's unauthorized exhibition of the January 22, 2022, UFC 270 - Ngannou vs Gane PPV Broadcast**,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain,

(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, for a recovery between $1,000 and $10,000 as to each Defendant pursuant to 47 U.S.C. §605 and enhanced damages of up to $100,000.00 for each defendant, *jointly and severally*, for their willful violation of 47 U.S.C. §605; and

(c) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii).

(d) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up to

the maximum amount of $10,000.00 as to each Defendant for their violation of 47 U.S.C. §553 and enhanced damages of up to $50,000.00 for their willful violation of 47 U.S.C. §553; and

(e) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. §553 (c)(2)(C).; and

(f) On the third cause of action, actual damages in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of the actual costs Plaintiff incurred pursuant to §504(b); and

(g) On the fourth cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up $30,000.00 pursuant to §504(c)(1) and enhanced damages in the amount of $150,000.00 pursuant to §504(c)(2) for their willful violation of 17 U.S.C. §501(a); and

(h) Attorney's fees, interest, costs of suit as to the Defendants pursuant to 17 U.S.C. §505, together with such other and further relief as this Court may deem just and proper.

(i) (Defendant's profits, both actual and engorgement, any damages sustained by the plaintiff, and, the costs of the action.  15 U.S.C. § 1117(a)

Dated: December 5, 2024
       Ellenville, New York

**ZUFFA, LLC d/b/a Ultimate Fighting Championship**

By: /s/Wayne D. Lonstein
Wayne D. Lonstein, ESQ. (WL0807)
LONSTEIN LAW OFFICE, P.C.
190 S Main Street
P.O. Box 351
Ellenville, New York 12428
Telephone:  845-647-8500
Facsimile:   845-647-6277
Email: Legal@signallaw.com
*Our File No. ZU22-01NJ-02*